Robertson, J.
In the 162d section of the Code ;it is pro.vided that in an action or defense, founded upon an instrument for the payment of money only, it shall be sufficient for a party to give a copy of the instrument, and state that there is due to him thereon, from the adverse party, a specified sum, which he claims. This was held, in *597 Prindle v. Caruthers, (15 N. Y. R., 425,) to create an exception to the general rules of pleading prescribed by section 142, requiring a statement of the facts constituting a cause of action. A similar provision formerly existed relative to suits on contract upon any written instrument or record. (Laws of 1840, p. 333, § 17, and Rule 99, of Supreme Court Rules, of May Term, 1845.)
In the case of Alder v. Bloomingdale, (1 Duer, 602,) it was held that the contract of an indorser was not simply for the payment of money within the meaning of section 162, the liability being conditional, and demand and notice being essential to fix it upon the indorser. The Supreme Court of this District, however, considered the name of the indorser written on the copy as an indorsement, and all allegations of demand and notice superfluous. (Roberts v. Morison, 11 N. Y. Leg. Obs., 610.). In Lord v. Chesebrough, (4 Sandf. S. C., 696; 1 Code R. N. S., 322,) in this Court, the name of the indorser, who was the maker, appeared, and it was alleged to have been indorsed, and that a certain sum was due to the plaintiff; but it was held to be insufficient, for not showing how he acquired title to it. But I apprehend that Prindle v. Caruthers overrules that view, which was taken in that case by the Supreme Court, (10 How., 33,) as has been held by this Court in Butchers’ & Drovers’ Bank v. Jacobson, (15 Abbotts’ Pr., 218.) The case of Keteltas v. Myers, (19 N. Y. R., 231,) is also to the same effect.
The judgment and order must, therefore, be affirmed, with costs.
Bosworth, Ch. J.
This complaint is clearly insufficient in substance, unless it is within section 162 of the Code, and, by force of that, sufficient.
It neither alleges an indorsement by the payee, nor a demand of payment before suit brought. (Merritt v. Todd, 23 N. Y. R., 28.)
But Prindle v. Caruthers (15 N. Y. R., 425) is to the point, that the complaint is good as a pleading, under § 162 *598 of the Code. That declares, that a complaint'on such an instrument is sufficient, where it sets forth a copy of it, qnd alleges that a specified sum is due thereon, to the plaintiff. All that is done in this complaint. Judgment should be affirmed.